IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| **WILLIAM C. THOMPSON**, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:06CV00065 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **VIRGINIA DEPARTMENT OF** | ) By: James P. Jones |
| **GAME AND INLAND FISHERIES,** | ) Chief United States District Judge |
| | ) |
| Defendant. | ) |

*William C. Thompson, pro se; John K. Byrum, Jr., Assistant Attorney General of Virginia, Richmond, Virginia, for Defendant.*

The defendant Virginia Department of Game and Inland Fisheries ("VDGIF") has moved to dismiss this pro se action arising under Title II of the Americans with Disabilities Act. 42 U.S.C.A. § 12132 (West 2005). For the reasons stated hereafter, I will deny the motion.

The plaintiff, William C. Thompson, claims that he was discriminated against on the basis of a disability because of the failure of VDGIF to allow him to use a .223-caliber gun to hunt deer on state property, or to hunt either-sex deer. Thompson claims that he has a disability that should be accommodated in these activities.

VDGIF asserts two grounds for its Motion to Dismiss: (1) that the plaintiff has failed to properly serve the defendant; and (2) that the plaintiff has failed to state a claim on which relief can be granted.

As to the second ground, a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, the plaintiff is not entitled to relief. The court may not dismiss a complaint unless the plaintiff can prove no set of facts that would entitle the plaintiff to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

It is not necessary to set forth a particular legal theory, but rather a party is required only to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also* Charles Alan Wright, *Law of Federal Courts* § 68 (5th ed. 1994). The court is obligated to construe the complaint as asserting "any and all legal claims that its factual allegations can fairly be thought to support." *Martin v. Gentile*, 849 F.2d 863, 868 (4th Cir. 1988). "This simplified notice pleading standard relies on liberal discovery rules and summary

judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Where the plaintiff is proceeding without a lawyer, the court has an even higher obligation to construe the complaint liberally. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

Giving due consideration to these principles, I find that the plaintiff's pro se action is not subject to dismissal under Rule 12(b)(6).

The defendant also contends that the plaintiff has failed to serve it properly. The only evidence of service of the summons and complaint is a return mail receipt, showing mailing to the defendant. However, mailing suit papers is not a proper method of service in a case such as this. The summons and complaint must be either served personally pursuant to Federal Rule of Civil Procedure 4(j)(2), or the defendant must waive service through the method set forth in Rule 4(d).

Even though the plaintiff has not yet properly served the defendant, I will not dismiss the action. The lack of proper service does not implicate the court's subject-matter jurisdiction. I will merely quash the purported service by certified mail and allow the plaintiff to hereafter obtain proper service.

Accordingly, it is **ORDERED** as follows:

1. The Motion to Dismiss is DENIED; and

2. The service of the summons and complaint made by certified mail is QUASHED and is of no effect.

ENTER: August 16, 2006

/s/ JAMES P. JONES
Chief United States District Judge